DICKINSON, Presiding Justice,
dissenting:
¶ 22. Because the trial court lacked jurisdiction to consider Powell’s challenge of Glenn’s qualifications for office, I respectfully dissent.
¶ 23. Both Dorothy Glenn and Andrew Powell sought the Democratic nomination for the Ward 5 city council seat. Glenn prevailed, advanced to an uncontested general election, and assumed office. On May 10, 2013, three days after Glenn took the Democratic primary, but prior to the general election, Powell petitioned the municipal Democratic Executive Committee pursuant to Mississippi Code Section 23-15-921 to challenge whether Glenn possessed the minimum qualifications for that office.[7] Then, having received no response, Powell filed a petition for judicial review pursuant to Mississippi Code Section 23-15-927 in the Circuit Court of Leflore County.[8] The circuit court exercised jurisdiction, found that Glenn lacked the necessary qualifications, removed her from office, and ordered a special election.
¶ 24. As a threshold issue, we must determine whether the circuit court possessed jurisdiction over Powell’s claim. He initiated this circuit court proceeding pursuant to Section 23-15-927, which provides judicial review after a county executive committee fails to promptly respond to a complaint.[9] Powell filed his complaint with the county executive committee pursuant to Section 23-15-921.[10] So the pertinent question is whether Powell properly brought this challenge pursuant to that section, which provides:
Except as otherwise provided by Secticm 23-15-961, a person desiring to contest the election of another person returned as the nominee of the party to any county or county district office, or as the nominee of a legislative district composed of one (1) county or less, may, within twenty (20) days after the primary election, file a petition -with the secretary, or any member of the county executive committee in the county in which the election was held, setting forth the grounds upon which the primary election is contested; and it shall be the duty of the executive committee *488 to assemble by call of the chairman or three (3) members of said committee, notice of which contest shall be served five (5) days before said meeting, and after notifying all parties concerned proceed to investigate the grounds upon which the election is contested and, by majority vote of members present, declare the true results of such primary.[11]
By its terms, Section 23-15-921 provides a procedural avenue “to contest the election of another person returned as the nominee of the party to any county or county district office,” except “as otherwise provided by Section 23-15-961.”[12]
¶ 25. Section 23-15-961(1) provides:
(1) Any person desiring to contest the qualifications of another person as a candidate for nomination in a political party primary election shall file a petition specifically setting forth the grounds of the challenge within ten (10) days after the qualifying deadline for the office in ques- • tion. The petition shall be filed with the executive committee with whom the candidate in question qualified.[13]
Given the all-encompassing language “any person” and the mandatory word “shall,” a plain reading of this statute leads to the conclusion that it is the only means by which someone may “contest the qualifications of another person as a candidate for nomination in a political party primary election.” [14]
¶ 26. But subsection (7) of that statute provides two exceptions and states:
(7) The procedure set forth in this section shall be the sole and only manner in which the qualifications of a candidate seeking public office as a party nominee may be challenged prior to the time of his nomination or election. After a party nominee has been elected to public office, the election may be challenged as otherwise provided by law. After a party nominee assumes an elective office, his qualifications to hold that office may be contested as otherwise provided by law.[15]
So the statute limits its all-inclusive language by permitting challenges to a candidate’s qualifications after the candidate assumes office, if the law otherwise provides for such a challenge. The majority finds that Section 23-15-921 is the “otherwise provided by law.”[16] But that interpretation fails for several reasons.
¶ 27. First, Section 23-15-961⅛ exception states “[ajfter a party nominee assumes an elective office, his qualifications to hold that office may be contested as otherwise provided by law.” [17] Section 23-15-921 provides for a challenge “within twenty (20) days after the primary election,” not after the candidate assumes office. So Section 23-15-921 cannot fit as an alternative avenue within the plain language of Section 23-15-961.
¶ 28. Second, Section 23-15-921 begins by stating “[ejxcept as otherwise provided by Section 23-15-961....”[18] It is simply illogical to find that this statute falls within the “as otherwise provided by law” language of the statute it identifies as an exception to its own rule.
¶ 29. Finally, Section 23-15-921 provides a legal avenue to “contest the elec *489 tion of another person....”[19] But the last two sentences of Section 23-15-961(7) clearly recognize that challenges to the election and challenges to a candidate’s qualifications are distinct things. So the election challenge statute, Section 23-15-921, cannot satisfy the qualification provision’s “as otherwise provided in law.”[20] And it is here that the majority’s response to this opinion fails. The majority focuses on the “nominee” language of Section 23-15-921, but fails to recognize that Section 23-15-921 permits only challenges to the nominee’s election, not their qualifications to be elected.[21]
¶ 30. The plain language of Section 23-15-961 limited Powell’s opportunity to challenge Glenn’s qualifications to the ten days following the qualification deadline, unless some other provision of law provided for challenges after Glenn assumed office. Because Powell brought this challenge after the primary, but before Glenn took office, pursuant to Section 23-15-921, the circuit court lacked jurisdiction.
LAMAR, J., JOINS THIS OPINION.

. Miss.Code Ann. § 23-15-921 (Rev. 2007).

. Miss.Code Ann. § 23-15-927 (Rev. 2007).

. Id.

. Miss.Code Ann. § 23-15-921 (Rev. 2007).

. Id. (emphasis added).

. Id.

. Miss.Code Ann. § 23-15-961(1) (Rev. 2007) (emphasis added).

.Id.

. Miss.Code Ann. § 23-15-961(7) (Rev. 2007) (emphasis added).

. Id.

. Id. (emphasis added).

. Miss.Code Ann. § 23-15-921 (Rev. 2007).

. Id.

. Miss.Code ' Ann. § 23-15-961(7) (Rev. 2007).

. Miss.Code Ann. § 23-15-921 (Rev. 2007).